595 So.2d 1075 (1992)
Richard JASPER and WDR Financial Resources of New York, Inc., Appellants,
v.
Josh ZARA, M.D., Appellee.
No. 91-02323.
District Court of Appeal of Florida, Second District.
March 13, 1992.
Jonathan M. Fordin of James F. Dougherty, II, P.A., Miami Beach, for appellants.
Brian R. Worth of Beigel & Sandler, Ltd., Chicago, for appellee.
DANAHY, Acting Chief Judge.
Richard Jasper and WDR Financial Resources of New York, Inc., defendants in the trial court, appeal the denial of their motions to dismiss for lack of personal jurisdiction and to quash service of process. The appellee/plaintiff (Zara), a Florida physician, had invoked jurisdiction over these New York financial planners (Jasper) under subsections 48.193(1)(a), (1)(g), and (2), Florida Statutes (1989). Jasper contends that he had done no act, anticipated by the statute, to qualify him to be sued in Florida. We agree and reverse.
The undisputed facts show that Zara solicited Jasper in New York by phone. Zara, in Florida, phoned Jasper in New York for financial advice and consultation because Jasper had been recommended to Zara by a friend of Zara's mother. After this initial solicitation by Zara, Jasper in New York communicated with Zara and his accountant by telephone and letter recommending various investment opportunities. Jasper recommended that Zara invest in two specific real estate limited partnerships; Zara did so based on this advice by Jasper. Unfortunately these two investments did not realize the financial advantages to Zara that Zara and Jasper had hoped for.
In his motion to dismiss and accompanying affidavits, Jasper claimed that he was a resident of New York, that he and his company had never been licensed to do business in Florida, had never maintained an office, agent, address or telephone listing in Florida, had never solicited business or advertised in Florida, had never had any assets located in Florida  in short, that he and his company had not had any connection with Florida other than the relationship with Zara of some 18 months duration during which they communicated by phone and letter only after being solicited by Zara *1076 from Florida. Nothing contained in Zara's affidavit and attached exhibits, consisting of three written communications from Jasper to Zara, materially disputed these factual allegations.
On this record we find that Zara has not carried his initial burden to show in the initial complaint compliance with the Long-Arm Statute. Further, after Jasper's motion and affidavits had sufficiently shown a lack of long-arm jurisdiction, Zara's responses failed to put forth any other facts which would support jurisdiction under either subsection (1)(a), (1)(g), or (2) of section 48.193. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989). Zara has not disputed Jasper's sworn factual proffers that under subsection 48.193(1)(a) he did not operate, conduct, engage in or carry on a business or business venture in Florida or have an office or agency here; that under subsection 48.193(1)(g) he did not breach a contract in Florida by failing to perform acts required by the contract to be performed here; and, that under subsection 48.193(2) he did not engage in substantial, but only isolated, activity within this state. Accordingly, we hold that the trial court erred when it found that Jasper was subject to the jurisdiction of the court. See Osborn v. University Society, Inc., 378 So.2d 873 (Fla. 2d DCA 1979), approved, Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989).
We reverse and remand with instructions to dismiss the case against Jasper and his company. Our disposition is without prejudice to Zara's seeking to amend his complaint to allege any other facts which might support jurisdiction over the appellants.
Reversed for entry of an order in accordance with this opinion.
THREADGILL and PARKER, JJ., concur.