**David MUSIKER, Plaintiff,**

v.

**PROJECTAVISION, INC. and Marvin Maslow, Defendants.**

No. 96–8410–CIV.

United States District Court,
S.D. Florida,
Miami Division.

March 25, 1997.

**294**

Russell L. Forkey, Fort Lauderdale, FL, for Plaintiff.

Delmer C. Gowing, III, Ocean Ridge, FL, for Defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (DE # 7).

This action arises out of David Musiker's ("Musiker") purchase of Projectavision, Inc.'s ("Projectavision") stock. On May 23, 1996, Musiker filed a one-count fraud in the inducement Complaint against Projectavision and Marvin Maslow ("Maslow") in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. On June 18, 1996, the action was removed to this Court on the basis of diversity of citizenship. In his Complaint, Musiker alleges that Maslow, the former CEO and present Chairman of the Board of Projectavision, made fraudulent representations about Projectavision and its business activities in order to induce Musiker to purchase Projectavision stock. The misrepresentations allegedly took place during telephone calls which occurred over a six-month period in 1993. Projectavision and Maslow move to dismiss for lack of personal jurisdiction.

Upon considering the pleadings and the evidence presented at an evidentiary hearing held on March 12, 1997, the Court enters the following Order granting Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

A federal court sitting in diversity may only exercise personal jurisdiction over a nonresident defendant to the extent permitted by the long-arm statute of the forum state and if the exercise of jurisdiction comports with the requirements of due process. *Vermeulen v. Renault, U.S.A., Inc.,* 985 F.2d 1534, 1552 (11th Cir.1993). In determining whether the Court has personal jurisdiction over non-residents Projectavision and Maslow, the Court must apply a two-part analysis. *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626 (11th Cir.1996). The Court must first determine whether the Florida long-arm statute, § 48.193, Fla. Stat., provides a basis for personal jurisdiction. *Id.* If so, the Court must determine whether there are sufficient minimum contacts with Florida to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. *Id.*

### I. The Florida Long–Arm Statute

▮ The reach of Florida's long-arm statute is a question of Florida law. *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 890 (11th Cir.1983). Accordingly, federal courts are required to construe the long-arm statute as would the Florida Supreme Court. *Id.* at 890–91. Absent some indication that the Florida Supreme Court would hold otherwise, federal courts are bound to adhere to decisions of its intermediate courts. *Sculptchair,* 94 F.3d at 627 (citing *Polskie Linie Oceaniczne v. Seasafe Transp., A/S.* 795 F.2d 968, 970 (11th Cir.1986)). In addition, the Florida long-arm statute is to be strictly construed. *Oriental Imports,* 701 F.2d at 891.

▮ Under Florida law, the plaintiff bears the burden of proving personal jurisdiction. *Sculptchair,* 94 F.3d at 627. When a non-resident defendant raises a meritorious defense to personal jurisdiction through affidavits, documents or testimony, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents. *Id.* (citing *Jet Charter Serv., Inc. v. Koeck,* 907 F.2d

1110, 1112 (11th Cir.1990), *cert. denied,* 499 U.S. 937, 111 S.Ct. 1390, 113 L.Ed.2d 447 (1991)). If affidavits conflict, the Court should hold an evidentiary hearing. *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 503 (Fla.1989). In light of the obviously conflicting affidavits submitted,[1] the Court held an evidentiary hearing on March 12, 1997 to determine whether Musiker satisfied his burden of proving personal jurisdiction.

Musiker attempts to state that personal jurisdiction over Projectavision and Maslow is proper pursuant to subsections (1)(a), (1)(b), (1)(f) and (2) of the Florida long-arm statute.[2] Each subsection of the Florida long-arm statute will be addressed separately.

### A. Carrying on a Business or Business Venture in Florida or Having an Office or Agency in This State.

■ It is clear from the affidavits presented to the Court that Projectavision did not have an office or agency in Florida as required by § 48.193(1)(a). Maslow Affidavit at ¶¶ 3–4. Accordingly, the Court would only

have jurisdiction over Projectavision and Maslow under this prong of the Florida long-arm statute if they were carrying on a business or business venture in Florida. In order to establish that a non-resident defendant is carrying on a business or business venture in Florida, "[t]he activities of the [defendant] sought to be served ... must be considered collectively and show a general course of business activity in the State for pecuniary benefit." *Sculptchair,* 94 F.3d at 627 (quoting *Dinsmore v. Martin Blumenthal Associates, Inc.,* 314 So.2d 561, 564 (Fla. 1975)).

■ A determination must be made as to whether the telephone calls between Musiker and Maslow,[3] the material furnished to Musiker by Projectavision and Maslow [4] and the demonstration meeting attended by Maslow,[5] examined collectively, reflect a general course of business in Florida for pecuniary benefit. The Court cannot conclude that the sum of the alleged activities constitutes "a general course of business activity in the State for pecuniary benefit" sufficient for personal jurisdiction under § 48.193(1)(a).[6]

---

1. Compare, for example, Maslow's assertion that "[a]t all times relevant to these proceedings, Projectavision, Inc. *never solicited business* from any Florida resident, either personally, through the mail, throught [sic] the telephone, or through representatives," Affidavit of Marvin Maslow ("Maslow Affidavit") at ¶ 5, with Musiker's statement that "Mr. Maslow came to Miami, Florida to demonstrate and exhibit Projectavision's product to solicit business." Affidavit of David Musiker ("Musiker Affidavit") at ¶ 12.

2. Although Musiker lists these subsections of the Florida long-arm statute in his Response, he only argues the applicability of subsections (b) and (f). The Court, however, will address all subsections listed in Musiker's Response.

3. Maslow claims that his contacts with Musiker were the result of an unsolicited phone call from Musiker to Maslow's office in New York. Maslow Affidavit at ¶ 8. Maslow states that he recalls receiving phone calls from Musiker at his New York office in 1993. Deposition of Marvin Maslow of March 10, 1997 ("Maslow Deposition") at pp. 4–5. If Musiker called Maslow and left his name and number, Maslow would return the call from New York or from wherever Maslow was at the time. Maslow Deposition at pp. 5, 11. Maslow further claims that he spoke with Musiker approximately 10 times. Maslow Deposition at p. 7.

Musiker states that the telephone calls at issue took place on a continuous basis over a six-month period in 1993. Complaint at ¶¶ 11 and 12; Musiker Affidavit at ¶ 8. All of the telephone calls to Projectavision and Maslow were initiated by Musiker in Florida, and all phone calls initiated by Projectavision and Maslow were received by Musiker in Florida. Musiker Affidavit at ¶ 3. Musiker further states that he telephoned Maslow in Palm Beach County, Florida on two occasions. Musiker Affidavit at ¶ 9.

4. The material furnished to Musiker consists of a copy of a press release which was faxed to Musiker's home, Musiker Affidavit at ¶ 7, and an information package, presented to the Court at the evidentiary hearing, which was allegedly mailed to Musiker's home.

5. Maslow testified that he traveled to Florida at the invitation of a stockbroker to participate in a demonstration of the company's prototype. Maslow Affidavit at pp. 10, 12. The evidence does not reveal that Musiker attended the presentation. *See* Maslow Affidavit at ¶ 9.

6. The magazine or newspaper article referenced in Musiker's Complaint at ¶ 10, which was not produced at the evidentiary hearing, is described as an "article" about Projectavision and not an advertisement wherein Projectavision solicited business. Accordingly, the magazine or newspa-

*See Cauff Lippman & Co. v. Apogee Finance Group, Inc.,* 745 F.Supp. 678, 682 (S.D.Fla. 1990) (holding that one meeting in Florida at the plaintiffs' request and negotiations and other communications by letter, telex and telephone from out of state were insufficient to obtain personal jurisdiction over non-resident defendants)[7]; *Jasper v. Zara,* 595 So.2d 1075, 1075–76 (Fla. 2d DCA 1992) (finding no personal jurisdiction under subsections (1)(a), (1)(g) or (2) of the Florida long-arm statute where the plaintiff initially solicited the defendant in New York by phone and the defendant subsequently communicated with the plaintiff and his accountant by telephone and letter over a period of 18 months); *Intercontinental Corp. v. Orlando Regional Medical Center,* 586 So.2d 1191, 1195 (Fla. 5th DCA 1991) (declining to exercise personal jurisdiction where defendants' only contacts consisted of letters and telephone calls from Kentucky or Indiana into Florida and a single meeting attended by defendants' counsel in Florida). Musiker, therefore, cannot obtain personal jurisdiction over Projectavision and Maslow under § 48.193(1)(a), Fla. Stat.

## B. Committing a Tortious Act Within This State

■ For purposes of this statutory analysis, the Court will assume that Projectavision and Maslow engaged in the tortious activity alleged in the Complaint. For personal jurisdiction to attach under the "tortious activity" subsection of the Florida long-arm statute, § 48.193(1)(b), Fla. Stat., Musiker must demonstrate that Projectavision and Maslow "committed a substantial aspect of the alleged tort in Florida." *L.O.T.I. Group Productions v. Lund,* 907 F.Supp. 1528, 1532 (S.D.Fla.1995) (citing *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 857 (11th Cir.1990)). Moreover, the alleged tort must have caused injury in Florida. *Id.*

■ Musiker alleges that all the fraudulent representations were made by Maslow via telephone. Complaint at ¶ 4. Musiker claims that, with two exceptions, the tele-

phone conversations between the parties took place while Musiker was in Florida and Maslow was in New York. Musiker Affidavit at ¶¶ 3, 9. Musiker further claims that he initiated some calls while Maslow initiated others. Musiker Affidavit at ¶ 3. Maslow counters that all contacts between the two were the result of an unsolicited phone call from Musiker. Maslow Affidavit at ¶ 8. Maslow further testified that if Musiker called and left his name and number, Maslow would return the call from New York or wherever he was at the time. Maslow Deposition at p. 5.

The tortious acts alleged, namely fraudulent misrepresentations by telephone, were not committed in Florida because Maslow, with the possible exception of two instances, was not in Florida at the time the alleged misrepresentations were made. *See McLean Financial Corp. v. Winslow Loudermilk Corp.,* 509 So.2d 1373, 1374 (Fla. 5th DCA 1987) (finding that alleged misrepresentations during loan commitment negotiations made in telephone conversations between plaintiffs in Florida and defendants in Virginia were not committed in Florida). Accordingly, a "substantial aspect of the alleged tort" was not "committed" in Florida as required for personal jurisdiction under the tortious activity subsection of Florida's long-arm statute.

■ As discussed above, Musiker claims that two telephone conversations with Maslow took place while Maslow was at his daughter's home in Palm Beach County, Florida. Musiker Affidavit at ¶ 9. Maslow did not recall whether or not he spoke to Musiker from Florida. Maslow Deposition at p. 17. Maslow did state, however, that if Musiker had called him in New York while he was in Florida, he would have returned the phone call from his daughter's home in Florida. Maslow Deposition at p. 11. Musiker has not provided the Court with the substance of the two conversations which

per article will not be considered in determining whether there was a general course of business in Florida for pecuniary benefit.

7. It should be noted that Musiker incorrectly cites this case for the opposite proposition.

allegedly took place within Florida.[8] As a result, the Court cannot conclude that misrepresentations took place during said conversations.

Even assuming that misrepresentations were made during the two telephone calls at issue, such conduct would not constitute a "substantial aspect of the alleged tort" as required by *L.O.T.I.*, 907 F.Supp. at 1532. Two telephone calls out of six months of allegedly continuous contact could not be described as the requisite "substantial aspect of the alleged tort." Accordingly, the Court does not have jurisdiction over Projectavision and Maslow under subsection (b) of Florida's long-arm statute.

Having concluded that no substantial aspect of the alleged tort was committed in Florida, the Court need not address whether the injury to Musiker, if any, took place in Florida.

### C. Causing Injury to Persons or Property Within Florida

 Musiker argues the applicability of § 48.193(1)(f), Fla. Stat., which authorizes personal jurisdiction, in some instances, where injury occurs within Florida as the result of an act or omission by a defendant outside the state. However, mere economic injury without accompanying personal or property injury does not confer personal jurisdiction over non-resident defendants under § 48.193(1)(f). *Aetna Life & Casualty Company v. Therm–O–Disc, Inc.*, 511 So.2d 992, 994 (Fla.1987). Musiker has not alleged personal injury or property damage in his Complaint.[9] Accordingly, there is no basis for personal jurisdiction over Projectavision and Maslow under § 48.193(1)(f).

### D. Substantial and Not Isolated Activity Within This State

 Finally, Musiker seems to indicate that jurisdiction may exist under § 48.193(2),

which requires "substantial and not isolated activity" within Florida. Viewed in its entirety, Projectavision and Maslow's conduct consisted of telephone calls to Musiker after an initial phone call from Musiker, material provided to Musiker via mail and fax and a presentation by Maslow to stockbrokers in Florida. These acts do not constitute "substantial and not isolated conduct" by Projectavision and Maslow which would justify the exercise of personal jurisdiction pursuant to § 48.193(2). *See Jasper v. Zara*, 595 So.2d 1075, 1075–76 (Fla. 2d DCA 1992) (finding no personal jurisdiction under subsections (1)(a), (1)(g) or (2) of the Florida long-arm statute where the plaintiff initially solicited the defendant in New York by phone and the defendant subsequently communicated with the plaintiff and his accountant by telephone and letter over a period of 18 months).

The Court concludes that Musiker has failed to meet his burden of proving personal jurisdiction over Projectavision and Maslow under subsections (1)(a), (1)(b), (1)(f) and (2) of Florida's long-arm statute.

### II. Due Process

In view of the fact that Musiker failed to prove a statutory basis for personal jurisdiction, the Court need not engage in due process analysis.

Based on the foregoing, it is ORDERED AND ADJUDGED that the Motion be, and the same is hereby, GRANTED. FURTHER ORDERED AND ADJUDGED that all pending motions not otherwise ruled on are DENIED AS MOOT.

---

8. With regard to the two conversations which allegedly took place while Maslow was in Florida, Musiker states, "[o]n two occassions Mr. Maslow asked me to call him at his daughter's home in South Palm Beach County, Florida to discuss Projectavision and its product, which I did." Musiker Affidavit at ¶ 9.

9. In response to Defendants' Motion to Dismiss, Musiker asserts that Projectavision and Maslow "did cause Mr. Musiker economic and other injuries." Musiker does not specify what those "other injuries" were or if they were injuries to person or property. Additionally, a review of the Complaint does not reveal any allegations of injury other than economic injury.