INSIGHT INSTRUMENTS, INC., a
Florida corporation, Plaintiff,

v.

A.V.I.—ADVANCED VISUAL INSTRU-
MENTS, INC., a New York corpo-
ration, Defendant.

No. 98–1285–CIV–ORL–22B.

United States District Court,
M.D. Florida,
Orlando Division.

March 24, 1999.

Robert W. Duckworth, Holland &
Knight, Maguire, Voorhis & Wells, LLP,
Orlando, FL, James H. Beusse, Maguire,
Voorhis & Wells, P.A., Orlando, FL, for
Insight Instruments, Inc., plaintiff.

Thomas T. Steele, Fowler, White, Gillen,
Boggs, Villareal & Banker, P.A., Tampa,
FL, for A.V.I.–Advanced Visual Instru-
ments, Inc., a New York corporation, de-
fendant.

## REPORT AND RECOMMENDATION

BAKER, United States Magistrate
Judge.

### Background

This is an action seeking a declaratory
judgment of non-infringement and invalidi-

ty of two United States Patents owned by non-party Avi Grinblat ("Grinblat"). Defendant A.V.I.—Advanced Visual Instruments, Inc. ("AVI") is the exclusive licensee of the optical inventions which are the subject of the Patents. Defendant moves to dismiss the Complaint,[1] asserting that: 1) Grinblat, as owner of the Patents is an indispensable party; 2) this Court lacks personal jurisdiction over Grinblat, a New York resident with no connections to Florida; 3) the Court lacks jurisdiction over AVI, pursuant to Florida's long-arm statute; and 4) venue is inappropriate.

## The Facts

The sole evidence presented in this matter[2] consists of the Affidavits of Grinblat (Doc. No. 6, Exhibits A and E). According to the uncontested declarations, AVI is a New York corporation with two employees. One of those employees, Grinblat, is its President and only officer. AVI's place of business and laboratory are in New York. It does not own any Florida property, nor does it have a telephone listing, office, salesman, or bank account in Florida.

AVI's sole business is the making and selling of optical systems for eye surgery and diagnosis. These products are manufactured in New York. AVI sold one product in July of 1996 to a doctor in Miami, Florida. The only sale that occurred in this District was in 1992. AVI has not sold any products or rendered any services in Florida for over two years, with no sales in 1997 or 1998.

Grinblat, in his professional capacity, attended two three-day long professional ophthalmology medical meetings in Florida; one in 1997 and one in 1998.

AVI does not advertise in magazines or other publications. All of its records, as well as all of its potential witnesses and its counsel, are in New York.

Grinblat is the owner of the patents in suit. Grinblat has granted an oral license (currently exclusive), terminable at will, to AVI.

Grinblat is a resident of New York City. He does not have an office, salesman, bank address, or telephone listing in Florida, nor does he own or rent any property in Florida. He does not have a Florida driver's license, nor does he vote in Florida.

Grinblat has not conducted any personal business in the state within the past five years. His witnesses, records and attorney are all located in New York.

In 1998, an attorney purporting to represent AVI and Grinblat sent a cease and desist letter from New York to Plaintiff, a Florida corporation. On January 14, 1999, AVI and Grinblat filed an action for patent infringement against Insight Instruments and Oculus Optikgerate GmbH (Case No. 99 CIV 0291) in the United States District Court for the Southern District of New York (Doc. No. 6, Exhibit G). That case is pending.

## Analysis

Here, Defendant contends that this Court lacks jurisdiction over it, and over Grinblat, the indispensable real party in interest. At argument, Plaintiff conceded that Grinblat's connections with Florida are "specious," but contended that Grinblat was not indispensable to the maintenance of this suit. Because the Court finds that it has no jurisdiction over the only defendant sued herein (AVI), it need not reach whether Grinblat, a non-party

1. Subsequent to filing its motion to dismiss, Plaintiff responded by filing an Amended Complaint (Doc. No. 8) which mirrors the initial complaint, and adds an allegation that Defendant carried on a business in Florida.

*Compare* Paragraph 7 of Initial Complaint and Amended Complaint.

2. At argument, Plaintiff relied solely on the declarations of AVI and Grinblat.

without significant contacts with Florida, is an indispensable party or not.

As set forth in *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir.1996), to determine whether the court has personal jurisdiction over a nonresident defendant, a two-part analysis is undertaken. First, the Court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. If so, the Court must evaluate whether sufficient minimum contacts exist between the defendant and the forum state so as to satisfy the "traditional notions of fair play and substantial justice" under the Due Process clause of the Fourteenth Amendment. *Id., citing Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996) (*quoting International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) *[quotation omitted]* ).

Florida's long-arm statute is strictly construed, and the Plaintiff has the burden of proving facts sufficient to satisfy the statutory criteria. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir.1983); *see also Polymers, Inc. v. Ultra Flo Filtration Systems, Inc.*, 33 F.Supp.2d 1008 (M.D.Fla.1998). Florida's long-arm statute, § 48.193 (1977), provides, in pertinent part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> ...

A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Thus, under § 48.193(1)(a), this Florida court would have jurisdiction over AVI if Plaintiff can show that AVI carries on or conducts business in the state and that the instant suit for declaratory judgment "arises from the doing" of that act; that is, is related to the conducting of that business. Alternatively, AVI is subject to jurisdiction regardless of whether the claim is connected to the activity if it is engaged in substantial activity within the state. In order to establish whether a defendant was carrying on a business in Florida, the Court considers whether the collective activities of the defendant (either itself or through an agent) show a "general course of business activity in the State for pecuniary benefit." *Sculptchair*, 94 F.3d at 627 *[internal citation omitted* ].

Applied to the facts at bar, it appears that AVI has consummated two sales within the state; one in 1992 and one in 1996. Nonetheless, it does not appear that defendant "marketed" its goods in the state. AVI has no Florida office or sales representatives, and no advertisements were distributed in-state. While Grinblat attended two medical meetings, it has not been shown that these meetings were for the purpose of marketing AVI products in Florida or that any Florida sales or leads resulted from those meetings. It is uncontested that AVI has sold nothing in Florida since the 1996 sale. While much is not required to establish a general course of business activity for pecuniary benefit,[3] there still must be a "course" of activity, that is, more than mere fortuity must be involved. Unlike the agent for the defen-

---

**3.** *See Sculptchair, supra,* (relatively insignificant and sporadic sales efforts of three to five transactions grossing an estimated $3,000 qualified as a course of business activity for pecuniary benefit).

dant in *Sculptchair*, there is no showing here that Grinblat circulated price lists describing the product, traveled to Florida to give four or five product presentations, or received instate calls from potential customers. Here, the two sales are insubstantial and isolated, separated in time by four years. This evidence does not establish a general course of activity for pecuniary benefit. *See Elmex Corp. v. Atlantic Federal Savings & Loan,* 325 So.2d 58 (Fla. 4th DCA 1976) (one single, isolated shipment of goods into state not "doing business" in Florida.) Likewise, the evidence fails to show "substantial and not isolated activity" in Florida.

■ Even if the evidence supported a finding that AVI carried on a business in Florida, under subsection (a) of the long-arm statute, the suit must be related to the activities conducted in-state. Here, there is no showing that the declaratory judgment action "arises out of" attendance at medical meetings, or either of the two sales. Moreover, the mailing of cease and desist letters threatening a patent infringement suit, without more, is of insufficient quality and degree to be considered "transacting business" in the forum state. *Graphic Controls Corp. v. Utah Medical Products, Inc.* 149 F.3d 1382 (Fed.Cir. 1998); *accord Polymers, supra [citing cases].*

Thus, Plaintiff has failed to establish that AVI is engaged in substantial and not isolated activity in Florida, or that AVI is conducting business in Florida (within the meaning of the statute) and that this suit arose out of the business activities undertaken by AVI in Florida. As such, Plaintiff has failed to satisfy the first prong of the two part analysis, compelling dismissal

---

**4.** Because of this finding, there is no need for the Court to consider the second prong of the analysis. The Court notes, however, that AVI's attenuated contacts with Florida are insufficient to establish the minimum contacts necessary so as to satisfy the concerns of due process. Moreover, the maintenance of the suit in Florida cannot be said to be "reason-

of the claim for lack of personal jurisdiction in this Court.[4]

As there is an existing suit for patent infringement pending in the Southern District of New York, it is respectfully recommended that the motion be **GRANTED,** and the case transferred. See 28 U.S.C. § 1631.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on March 24, 1999.

able" within the meaning of *International Shoe.* On the facts presented by the parties, AVI cannot be said to have purposely availed itself of the privilege of conducting business in Florida, sufficient to justify haling it into a Florida court, where it has neither office nor counsel nor witnesses available to assist in its defense.