**GRAPHIC CONTROLS CORPORATION,**
**Plaintiff–Appellant,**

v.

**UTAH MEDICAL PRODUCTS,**
**INC., Defendant–Appellee.**

**No. 97–1551.**

United States Court of Appeals,
Federal Circuit.

July 23, 1998.

Richard D. Burbidge, Burbidge & Mitchell, Salt Lake City, UT, argued, for defendant–appellee. With him on the brief were Terrence M. Connors and Randall D. White, Connors & Vilardo, Buffalo, NY. Also on the brief was Stephen B. Mitchell, Burbidge & Mitchell, Salt Lake City, UT.

GAJARSA, Circuit Judge.

## DECISION

Graphic Controls Corporation ("Graphic Controls") seeks review of the decision of the United States District Court for the Western District of New York in *Graphic Controls Corp. v. Utah Medical Products, Inc.*, No. 96–CV–0459E(F), 1997 WL 276232 (W.D.N.Y. May 21, 1997). The district court dismissed Graphic Controls's complaint for lack of jurisdiction over defendant Utah Medical Products, Inc. ("Utah Medical"). That judgment was entered upon defendant's motion brought pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. We affirm the decision of the district court.

## BACKGROUND

The district court issued its ruling based upon the following jurisdictional facts:[1] Utah Medical is a corporation incorporated under the laws of the state of Utah with its principal place of business in Utah. Utah Medical is engaged in the business of designing, manufacturing and marketing medical devices, including an intrauterine pressure catheter ("IUPC"). Utah Medical's IUPC is covered by its Patent No. 4,785,822 (the '822 patent). In 1993, Utah Medical had approximately two-thirds of the IUPC market and may have had approximately 90% of this market by 1996. Graphic Controls, a corporation organized under the laws of the state of New York and headquartered in New York, also sells an IUPC device.

William M. Janssen, Saul, Ewing, Remick & Saul LLP, Philadelphia, PA, argued, for plaintiff–appellant. On the brief were Kevin R. Casey and Allen M. Wheatcraft, Ratner & Prestia, Valley Forge, PA.

1. The district court noted that, because the parties had not conducted discovery on the jurisdictional issue, Graphic Controls only needed to make a prima facie showing that Utah Medical was subject to personal jurisdiction in New York. *See Graphic Controls Corp.*, 1997 WL 276232, at

*2. For purposes of the 12(b)(2) motion, the district court's task was to construe the pleadings and affidavits in the light most favorable to Graphic Controls. *See Id.* Graphic Controls does not dispute the district court's summary of the relevant facts.

Utah Medical has no office, employees, telephone numbers, assets or bank accounts in New York. Until the end of 1995, two independent distributors, Atlantic Medical Systems, Inc. ("Atlantic") and Baystate Anesthesia, solicited sales of Utah Medical's medical products in the northeastern region of the country, including New York. Atlantic is located in New York and Baystate Anesthesia is located in Massachusetts. These distributors also sold the products of other companies. In 1996, Atlantic became Utah Medical's sole distributor in the northeast. In each of the three years, 1994–1996, Utah Medical had less than $450,000 in estimated gross sales in New York, which comprised approximately one percent of Utah Medical's total sales in each of those years. During this period, Utah Medical's IUPC was sold to about 40 hospitals in New York.

Utah Medical has a nationwide toll-free "800" telephone number and makes information available to residents of any state over the Internet. Utah Medical also has a representative in Connecticut who occasionally travels to New York to meet with a distributor and with customers, but does not take orders from customers for sales of Utah Medical products. Utah Medical has also sent letters to hospitals in New York regarding its IUPC device. In addition, Utah Medical receives customer complaints from and offers training to its customers, including those in New York.

Utah Medical sent two letters, the first dated June 7, 1996 and the second dated June 14, 1996, to Graphic Controls in New York alleging that Graphic Controls's IUPC device infringed the '822 patent and that Graphic Controls had made false and misleading representations while promoting its competing product and requesting it to cease such activities. Graphic Controls sent Utah Medical a letter on June 10, 1996 accusing Utah Medical sales representatives of false advertising. A Graphic Controls representative asserted that she received phone calls from Utah Medical sales representatives regarding this June 10 letter from Graphic Controls. Shortly thereafter, Graphic Controls filed suit in the United States District Court for the Western District of New York, seeking declaratory judgment that (a) the '822 patent is invalid or that the patent is not infringed by Graphic Controls and (b) Graphic Controls has not committed acts of unfair competition against Utah Medical.

The district court found that it had no personal jurisdiction over Utah Medical under sections 301 or 302(a)(1) of the New York long-arm statute. See Graphic Controls Corp., 1997 WL 276232, at *3–5. The court found that it had no jurisdiction under section 301, the general jurisdiction provision, because it found that Utah Medical was not doing business regularly, continuously and systematically in New York. See id. at *2. The district court then turned to section 302(a)(1), which allows for the assertion of specific jurisdiction over an out-of-state defendant where the plaintiff's cause of action arises from such defendant's commercial activities in New York. See N.Y. Civ. Prac. § 302(a)(1) (McKinney 1990). The district court found no specific jurisdiction under section 302(a)(1) because there was not the necessary nexus between Utah Medical's commercial activity in New York, other than the two cease and desist letters, and the cause of action underlying Graphic Controls's declaratory judgment action. See Graphic Controls Corp., 1997 WL 276232, at *3. The district court reasoned that the lawsuit would exist regardless of Utah Medical's business activity in New York. The district court also held that the two cease and desist letters met the nexus requirement, but were insufficient to subject Utah Medical to personal jurisdiction pursuant to section 302(a)(1). See Id. Graphic Controls subsequently filed a motion for reconsideration of the May 21 decision. On July 31, 1997, the district court denied the motion. This appeal followed.

## DISCUSSION

### A. Standard of Review

■ We review de novo a district court's decision regarding whether it has personal jurisdiction over a defendant. See Genetic Implant Sys., Inc. v. Core–Vent Corp., 123 F.3d 1455, 1457, 43 USPQ2d 1786, 1788 (Fed. Cir.1997); North Am. Philips Corp. v. American Vending Sales, Inc., 35 F.3d 1576, 1578, 32 USPQ2d 1203, 1204 (Fed.Cir.1994).

## B. General Jurisdiction

As a preliminary matter, we note that Graphic Controls seeks to preserve its arguments regarding general jurisdiction under section 301 through a footnote in its brief which states that "[t]he argument presented in this Appeal Brief focuses on the 'specific' prong of the [New York long-arm] statute. Graphic Controls's arguments concerning jurisdiction under the 'general' prong are presented [in the appendix]. Graphic Controls hereby reiterates and incorporates the arguments found in the [appendix]." Utah Medical responds to this footnote with a footnote in its brief that incorporates arguments from the appendix as well. Under the Federal Rules of Appellate Procedure, arguments may not be properly raised by incorporating them by reference from the appendix rather than discussing them in the brief. Rule 28(a)(6) provides:

> [t]he argument [in the appellant's brief] must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on. The argument must also include for each issue a concise statement of the applicable standard of review....

Fed. R.App. P. 28(a)(6). Rule 28(b) provides that the appellee's brief conform to the requirements of Rule 28(a)(6). *See* Fed. R.App. P. 28(b). In addition, Rule 28(g) provides a page limit for the briefs. *See* Fed. R.App. P. 28(g). The practice of incorporating arguments by reference from the appendix undermines these explicit rules. The Appellant in this case has not properly raised the issue of general jurisdiction before this court and therefore we cannot and do not render a decision on this issue.

## C. Specific Jurisdiction

As presented to us, the question on which this appeal turns is whether Federal Circuit law or New York and Second Circuit law applies to the determination of whether specific personal jurisdiction exists over Utah Medical. Graphic Controls asserts, and we agree, that it appears the district court relied on New York and Second Circuit caselaw to interpret the New York long-arm statute. Graphic Controls essentially argues that the Federal Circuit has held that its law applies to personal jurisdiction determinations in patent cases and therefore the district court should not have deferred to New York or Second Circuit interpretations of the New York long-arm statute. Although Graphic Controls concedes in its opening brief that New York courts and the Second Circuit have consistently interpreted the New York long-arm statute to *not* extend to the limit of due process, Graphic Controls requests us to disregard this caselaw and interpret the statute to reach to the full extent of due process. Utah Medical responds that the Federal Circuit only applies its own law to the interpretation of the right to due process of law guaranteed by the U.S. Constitution and not to the interpretation of state long-arm statutes. Utah Medical argues that, because the New York long-arm statute does not extend to the full extent of federal due process, the Federal Circuit should apply New York and Second Circuit law in interpreting the long-arm statute. We agree with Utah Medical.

Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits the assertion of jurisdiction[2] and whether assertion of personal jurisdiction violates federal due process. *See Genetic Implant Sys.*, 123 F.3d at 1458, 43 USPQ2d at 1788. With regard to the federal constitutional due process analysis of the defendant's contacts with the forum state in patent cases, we do not defer to the interpretations of other federal and state courts. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1543–44, 33 USPQ2d 1505, 1506–07 (Fed.Cir.1995); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564–65, 30 USPQ2d

---

**2.** Federal courts apply the relevant state statute when determining whether a federal court, sitting in a particular case, has personal jurisdiction over a defendant, even when the cause of action is purely federal. *See* Fed.R.Civ.P. 4(k). In two of our prior cases, *Akro* and *Beverly Hills*, we stated that Federal Rule of Civil Procedure 4(e) -(f) supported this proposition. *See Akro*, 45 F.3d at 1544, 33 USPQ2d at 1507; *Beverly Hills*, 21 F.3d at 1569, 30 USPQ2d at 1010. We note today, however, that it is Rule 4(k) that authorizes us to exercise personal jurisdiction over persons pursuant to a state long-arm statute.

1001, 1006–07 (Fed.Cir.1994). However, in interpreting the meaning of state long-arm statutes, we elect to defer to the interpretations of the relevant state and federal courts, including their determinations regarding whether or not such statutes are intended to reach to the limit of federal due process. *See Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355 (Fed.Cir.1998) (finding that the Minnesota long-arm statute goes to the extent of due process based on decisions of Minnesota courts); *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1270, 46 USPQ2d 1616, 1619 (Fed.Cir. 1998) (explaining that the California long-arm statute extends to the limit of due process based on Ninth Circuit case); *Genetic Implant Sys.*, 123 F.3d at 1458, 43 USPQ2d at 1788 (finding that the Washington long-arm statute provision extends to the limit of due process based on decisions of the Washington Supreme Court); *Akro*, 45 F.3d at 1544, 33 USPQ2d at 1507 (adopting the Sixth Circuit's finding that the relevant portion of the Ohio long-arm statute extends to the limit of due process); *Beverly Hills*, 21 F.3d at 1569 n. 23, 30 USPQ2d at 1010 n. 23 (finding that the Virginia long-arm statute extends to the limit of due process as determined by regional courts). We have not in the past substituted—and decline Graphic Controls's invitation to begin substituting— our interpretation of state long-arm statutes for that of the relevant state and federal courts.

■ In this case, Graphic Controls asserts specific jurisdiction under section 302(a)(1), which provides that jurisdiction exists where the defendant *"transacts any business within the state* or contracts anywhere to supply goods or services in the state"[3] and the cause of action arises from such acts. N.Y. Civ. Prac. § 302(a)(1) (McKinney 1990) (emphasis added). The New York courts, and therefore the Second Circuit, have held that the New York long-arm statute, and specifically section 302(a)(1), does not extend to the limit of federal due process. *See Beacon Enter., Inc. v. Menzies*, 715 F.2d 757, 764, n. 6 (2d Cir.1983). For a

court to assert jurisdiction over a defendant under section 302(a)(1), the plaintiff must meet the following two prong test: (1) the defendant's business activities in New York must be activities by which the defendant projects itself into New York in such a way as to purposefully avail itself of the benefits and protections of New York laws and (2) the plaintiff's cause of action must arise out of that business activity within the state. *See McGowan v. Smith*, 52 N.Y.2d 268, 437 N.Y.S.2d 643, 419 N.E.2d 321, 322–24 (1981); *Beacon*, 715 F.2d at 766.

■ The second prong of this test requires a substantial nexus between the cause of action and the defendant's contacts with New York. *See Philips Elec. N. Am. Corp. v. Maeser*, 43 USPQ2d 1541, 1542–43, 1997 WL 362176 (S.D.N.Y.1997). Specifically, a plaintiff must show the cause of action is " 'sufficiently related to the business transacted that it would not be unfair to deem it to arise out of the transacted business, and to subject the defendants to suit in New York.' " 43 USPQ2d at 1543 (quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 59 (2d Cir.1985)). This nexus test appears to be interpreted very narrowly by the highest court in the state of New York court and therefore by the federal courts as well. *See McGowan*, 437 N.Y.S.2d 643, 419 N.E.2d at 323. For example, in *Philips* the plaintiff, a corporation in New York, sought a declaratory judgment that the defendants' patent was invalid, unenforceable and not infringed by the plaintiff. *See Philips*, 43 USPQ2d at 1541. The defendants were residents of Arizona. Their only contacts with New York consisted of (1) letters and telephone calls to the plaintiff seeking to negotiate a license agreement and threatening to sue if the plaintiff refused and (2) negotiations of license agreements relating to the same patent with companies that happened to be headquartered in New York. *See Id.* at 1542. The court found that the license agreements with other companies were not linked, for purposes of section 302(a)(1), to the plaintiff's cause of action; the plaintiff's declaratory judgment action did not arise because of the defendant's other license agreements. *See*

---

**3.** Graphic Controls focuses its arguments exclusively on the "transacts business" portion of section 302(a)(1), and therefore we do not address

the second part of this statutory provision in this opinion.

*Id.* at 1542–43. The court also held that the cease and desist letters and telephone calls were not sufficient to constitute the "transacting of business" in New York and therefore dismissed the case for lack of jurisdiction. *Id.*

Similarly in *Beacon*, the plaintiff, a New York corporation, sought a declaratory judgment that certain of its products did not infringe a California resident's trademarks. *See Beacon*, 715 F.2d at 759. The California resident, Menzies, shipped an unspecified number of goods into New York and sent a letter to the plaintiff alleging violations of her copyrights and trademarks and threatening suit if the plaintiff did not cease and desist such activities. *See id.* at 760–61. The plaintiff sought a declaratory judgment of noninfringement in the United States District Court for the Southern District of New York. The court found:

> Menzies' shipments of goods into New York are irrelevant to [plaintiff]'s declaratory judgment action and [plaintiff]'s cause of action would exist regardless of whether Menzies' products were sent to New York. The present controversy arose as a result of Menzies' "cease and desist" letter, not her New York commercial activity.

*Id.* at 765.[4]

Other cases have also interpreted the nexus requirement narrowly. *See McGowan*, 437 N.Y.S.2d 643, 419 N.E.2d at 323 (explaining that defendant's trips to New York to conduct general marketing research were not substantially related to plaintiff's product liability suit arising from purchase of defendant's product in New York); *Fontanetta v. American Bd. of Internal Med.*, 421 F.2d 355, 357–59 (2d Cir.1970) (finding nexus requirement was not met where examinee's cause of action arose from oral examination taken outside of New York although related written exam was taken in New York); *Gelfand v. Tanner Motor Tours, Ltd.*, 339 F.2d 317, 323 (2d Cir.1964) (holding nexus requirement was not met where plaintiff purchased bus tickets from an independent travel agent

in New York, but sued for accident that happened outside of New York).

With respect to Utah Medical's alleged contacts with New York, none of them—other than the cease and desist letters—"gave rise" to Graphic Controls's cause of action for purposes of the New York long-arm statute. Graphic Controls's declaratory judgment action did not arise because Utah Medical was shipping its product to New York, had a distributor soliciting sales in New York, or had a representative that occasionally visited New York. Graphic Controls's declaratory judgment action arose because Utah Medical claimed Graphic Controls's IUPC infringed the '822 patent and threatened suit. It was the two cease and desist letters that gave rise to the declaratory judgment cause of action.

These letters, however, are of insufficient quality and degree to be considered the "transaction of business" under New York law because they do not constitute the purposeful availment by Utah Medical of the benefits and protections of New York laws. *See Philips*, 43 USPQ2d at 1542 (holding that cease and desist letters and phone calls did not constitute purposeful availment of New York laws); *Beacon*, 715 F.2d at 766 (holding that sending cease and desist letter to New York was insufficient to constitute the transaction of business in New York). Graphic Controls's case is distinguishable from *PDK Labs* where persistent and vexing communications were made to PDK, a New York company, by the defendant's New York agent who (a) sent cease and desist letters regarding patent infringement and unfair competition practices, and (b) engaged in a "persistent campaign" to secure PDK's investment in the defendant's business. *See PDK Labs Inc. v. Friedlander*, 103 F.3d 1105, 1109, 41 USPQ2d 1338, 1342–43 (2d Cir.1997). PDK sought a declaratory judgment in response to these threats and the court held there was jurisdiction over the out-of-state defendant because of his numerous, persistent contacts with the plaintiff and

***

**4.** In *Beacon*, the court expressed doubts as to whether long-arm jurisdiction should be asserted in declaratory judgment actions. *See Beacon*, 715 F.2d at 764–65. However, a subsequent Second Circuit case dismissed those doubts as dicta. *See Agency Rent A Car Sys., Inc. v. Grand*

*Rent A Car Corp.*, 98 F.3d 25, 31–32, 40 USPQ2d 1455, 1460 (2d Cir.1996). *Agency Rent A Car* did not, as Graphic Controls argues in its opening brief, modify the requirement that the plaintiff's cause of action arise out of the defendant's relevant business activities.

attempts to create a business relationship with the plaintiff. *See Id.* In our case, Utah Medical only sent two cease and desist letters to Graphic Controls; Utah Medical did not seek to solicit investments from Graphic Controls or engage in other business activity with Graphic Controls. Accordingly, Graphic Controls has not presented us with any Utah Medical "business transactions" that "gave rise" to its declaratory judgment action, as such terms are understood under New York law. We therefore hold that Graphic Controls failed to make a showing of personal jurisdiction under section 302(a)(1) of the New York long-arm statute.

We have considered the parties' other arguments and find that they are either unpersuasive or unnecessary for resolution of this appeal.

## CONCLUSION

The district court was correct in holding that it did not have jurisdiction over Utah Medical. We therefore affirm the judgment of the district court dismissing Graphic Controls's complaint against Utah Medical for lack of personal jurisdiction.

AFFIRMED.