**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUNA M. LISTENBEE,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-5103
(D.C. No. 97-CV-36-J)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Juna M. Listenbee appeals from an order of the district court affirming the Commissioner's decision denying her application for social security disabled surviving divorced spouse insurance benefits, social security disability insurance benefits, and Supplemental Security Income (SSI). Appellant filed for these benefits in June 1994. She alleged disability based on hypertension. The agency denied her applications initially and on reconsideration.

Appellant received a de novo hearing on August 10, 1995, before an administrative law judge (ALJ). At the hearing, she complained of high blood pressure, chronic fatigue, headaches, pain in her left arm and stomach, blurred vision, dizzy spells and confusion. The ALJ determined that appellant retained the residual functional capacity (RFC) to perform light work, so long as she were allowed to alternate sitting or standing every hour. He found that she could return to her past relevant work as a credit clerk or, in the alternative, that there were sufficient jobs at the light level in the national economy which she could perform. Applying the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, rules 201.07 and 202.07 (the grids) as a framework, the ALJ concluded that appellant was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. See id. at 751 n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given her age, education and work experience. See id.

The district court bypassed the ALJ's determination at step four that appellant could return to her past relevant work, reasoning that the decision was tainted by the ALJ's delegation of the step four analysis to the vocational expert, citing Winfrey v. Chater, 92 F.3d 1017, 1025 (10th Cir. 1996). The Commissioner does not urge affirmance at step four, and appellant makes no

substantive argument concerning the step four issues.[1] We therefore move on to consider the issues she raises at step five.

Appellant begins by arguing that the ALJ erred by failing to take into account the effect that job stress has on her hypertension. The ALJ obtained testimony from the VE concerning the effect of job stress on the number of jobs which she could perform. The VE testified that even if appellant could perform only low-stress jobs, there were still 3,700 jobs as a general office clerk within the state of Oklahoma, and 60,000 such jobs in the national economy.

The ALJ made reference to this testimony in his decision. Although he did not make a specific finding that appellant's RFC was limited by the need to avoid job stress, that error, if any, is harmless in light of the VE's uncontroverted testimony that there were low-stress jobs appellant could perform. Appellant fails to show any reversible error as to this issue.

---

[1] In her brief, appellant attempted to incorporate by reference the step four argument she made before the district court. Federal Rule of Appellate Procedure 28(a)(9)(A) (1998) requires that an appellant's argument contain her "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." The rule makes no provision for incorporation by reference of arguments made in the district court. See Graphic Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382, 1385 (Fed. Cir. 1998) (construing substantially similar Fed. R. App. P. 28(a)(6) (1995) to prohibit incorporation by reference). We caution counsel to avoid incorporation by reference of district court arguments.

Appellant next argues that the ALJ erred by failing to take into account that she would be required to make a moderate vocational adjustment to perform the jobs on which he relied at step five. She argues that since she was 59 years old at the time of the ALJ's decision and therefore of "advanced age" under the applicable regulations, she would be considered "presumptively disabled" unless she had transferable skills. See Rule 201.06 of the grids. Appellant contends that her skills are not transferable to the jobs on which the ALJ relied, citing 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.00(f), which states: "In order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry."

That rule, however, applies only to skilled sedentary work.[2] The ALJ found that appellant could perform light work. The general office clerk job on which he

---

[2] Appellant contends that Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993), extends the rule to all claimants of advanced age who can do less than medium work. Careful reading of Nielson and of SSR 82-41 on which it relies, however, shows that this is not the case. The claimant in Nielson was both (1) of advanced age, and (2) limited to sedentary work, and therefore fell within § 201.00(f). Section 4(c) of SSR 82-41 further explains that the narrow definition of transferability applies only to claimants of advanced age limited to sedentary work, or claimants closely approaching retirement age (i.e., ages 60-64) limited to light work. See also App. 2 § 202.00(f) (stating rule in context of light work). Appellant has not shown that she fits within a "borderline" category which would require us to consider her as a person closely approaching retirement age.

relied is at the light level. Rule 202.07 of the grids provides that a person with appellant's age, education and previous work experience is considered not disabled if she has transferable skills at the light level. Her argument therefore fails.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge