**THE FOX GROUP, INC., Plaintiff,**

v.

**CREE, INC., and Dow Corning Corporation, Defendants.**

**Action No. 2:10cv314.**

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 25, 2010.

---

**412**

Hayley Weimer, Patrick Joseph Coyne, Pro Hac, Vice, Finnegan Henderson Farabow Garrett & Dunner LLP, Washington, DC, Stephen Edward Noona, Kaufman & Canoles, P.C., Norfolk, VA, for Plaintiff.

Conrad Moss Shumadine, Willcox & Savage PC, Norfolk, VA, for Defendants.

### MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This is a patent infringement action filed by plaintiff Fox Group ("Fox"), against defendants Cree, Inc. ("Cree") and Dow Corning Corporation ("Dow Corning"). This matter comes before the court on Dow Coming's Motion to Dismiss and, in the Alternative, to Transfer. For the reasons set forth herein, Dow Coming's motion to transfer venue is **GRANTED,** and the pending action against Dow Corning is **TRANSFERRED** to the United States District Court for the Southern District of New York. Because it is appropriate to transfer venue, the court expresses no opinion regarding the merits of Dow Coming's motion to dismiss.

### I.  Factual and Procedural History

#### A.  Procedural History

On June 29, 2010, Fox filed this patent infringement action against Dow Corning and Cree, two entirely separate entities. In its Complaint, Fox alleges that the defendants made, used, sold, and/or offered for sale products covered by U.S. Patent Number 6,534,026 ("the '026 patent") and U.S. Patent Number 6,562,130 ("the '130 patent"), which are owned by Fox and relate to "silicon carbide substrates."

On April 21, 2010, two months before this action commenced in the Eastern District of Virginia, Dow Corning filed a declaratory judgment action against Fox in the Southern District of New York

("S.D.N.Y. action").[1] In the S.D.N.Y. action, Dow Corning alleges that it has not infringed and is not now infringing, either directly, contributorily, or through inducement, willfully or otherwise, the '026 patent and '130 patent. It further alleges that the '026 patent and '130 patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112. On June 30, 2010, one day after it commenced the instant action, Fox moved to dismiss the S.D.N.Y. action for lack of personal jurisdiction or, in the alternative, to transfer to the Eastern District of Virginia. Briefing on that motion was completed on August 5, 2010.

On August 30, 2010, Dow Corning filed the instant motion, seeking transfer to the Southern District of New York.[2] On September 10, 2010, Cree filed a response to Dow Corning's motion to advise the court that Cree does not join that motion and opposes transfer of the pending claims involving Cree. On September 20, 2010, the court received Fox's Response to Dow Coming's motion. On September 27, 2010, the court received Dow Coming's Reply to Fox's Response. The matter is now ripe for review.

## B. Relevant Facts

■ Dow Corning is a Michigan corporation with its principle place of business

in Michigan. Dow Corning is registered to do business in New York, and has been so registered at all relevant times. Fox is a California corporation with its sole place of business in Warrenton, Virginia.[3] Fox was registered to do business in New York as of July 23, 2010. See Isackson Decl. Ex. 26, ECF No. 16–16. Fox states that it is currently in the process of "re-domesticating" to Virginia.

## II. Analysis

■ "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding whether to grant a motion to transfer venue, this court must conduct the following two inquiries: " '(1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum.' " JTH Tax, Inc. v. Lee, 482 F.Supp.2d 731, 735 (E.D.Va. 2007) (quoting Koh v. Microtek Int'l, Inc., 250 F.Supp.2d 627, 630 (E.D.Va.2003)).

## A. The Southern District of New York Is a Proper Venue

The court must determine whether this action might have been brought in the

---

1. Cree is not a party in the S.D.N.Y. action.

2. On that same date, Cree filed its Answer to the Complaint and Counterclaim against Fox.

3. There is no dispute that Fox was a California corporation before July 1, 2008, nor that as of September 14, 2010, Fox revived its California corporate capacity and changed its name to "The Fox IP Holdings Group, Inc." However, in support of its motion to dismiss, Dow Corning alleges that Fox's corporate authority was suspended at the time this action was filed, and thus Fox is without capacity to maintain the action. The court need not de-

termine whether Fox has standing to sue. Contrary to Dow Coming's assertion, see Dow Corning Mem. in Supp. of Mtn. to Dismiss at 10 n. 4, ECF No. 15, Fox's standing is irrelevant to resolving the transfer of venue issue. In determining whether Fox's claim "might have been brought" in the Southern District of New York, see 18 U.S.C. § 1404(a), the court is only concerned with the transferee court's ability to exercise personal jurisdiction over the defendant, here, Dow Corning. See infra Part II.A; see also, Koh v. Microtek Intern., Inc., 250 F.Supp.2d 627, 630–31 (E.D.Va.2003).

Southern District of New York.[4] Pursuant to 28 U.S.C. § 1400(b), a civil action for patent infringement may be brought in any district where the defendant resides. When the defendant is a corporation, it resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); *see also Pacas v. Showell Farms, Inc.*, 83 F.3d 415, 1996 WL 192058, at *1 (4th Cir.1996). Thus, to determine whether the Southern District of New York is a proper venue for this patent action, this court must determine whether Dow Corning was subject to personal jurisdiction there at the time Fox filed this action.[5]

█ The determination of whether a court can assert personal jurisdiction over a defendant in a patent infringement suit is governed by Federal Circuit law, rather than by the regional circuit in which the case is litigated. *See Convergence Tech. (USA), LLC v. Microloops Corp.*, No. 1:09cv1256, 2010 WL 1931743, at *4 (E.D.Va. May 11, 2010) (citing *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328 (Fed.Cir.2009)). Under Federal Circuit precedent, a district court must consider the following two issues: (1) whether the forum state's long-arm statute authorizes the exercise of personal jurisdiction over the defendant; and (2) whether the exercise of personal jurisdiction over the defendant comports with the requirements of the Due Process Clause of the Fifth Amendment. *See Viam Corp. v. Iowa Export–Import Trad-*

*ing Co.*, 84 F.3d 424, 427 (Fed.Cir.1996). New York's long-arm statute does not extend to the outermost boundaries of the Due Process Clause, *see, e.g., Graphic Controls Corp. v. Utah Med. Prod., Inc.*, 149 F.3d 1382, 1385 (Fed.Cir.1998); *Beacon Enter., Inc. v. Menzies*, 715 F.2d 757, 764 n. 6 (2d Cir.1983), thus the court must address each issue in turn.

█ The statutory issue is easily resolved. In interpreting the New York long-arm statute, the court can "defer to the interpretations of the relevant state and federal courts." *Graphic Controls*, 149 F.3d at 1386. New York courts have recognized that registration to do business under New York Business Corporation Law § 1304 subjects foreign corporations to personal jurisdiction. *See, e.g., Glory Wealth Shipping Serv. Ltd. v. Rice Co.*, No. 08civ.10245, 2008 WL 5454224, at *2 (S.D.N.Y. Dec. 23, 2008); *Iyalla v. TRT Holdings, Inc.*, No. 04civ.8114, 2005 WL 1765707, at *3 (S.D.N.Y. July 25, 2005). Fox does not contest that Dow Corning is registered to do business in New York. *See, e.g.,* Isackson Decl. Ex. 26, ECF No. 16–26. Accordingly, New York's long-arm statute authorizes the exercise of personal jurisdiction over Dow Corning.

█ As regards the constitutional issue, the court cannot defer to the interpretations of other federal and state courts. *See Graphic Controls*, 149 F.3d at 1385. Accordingly, the court must first ask whether Dow Corning has the minimum contacts with New York necessary to con-

---

**4.** Cree does contest that the Southern District of New York is a proper venue for Fox's claims against Dow Corning. Cree merely advises the court that there is no motion to transfer the action against Cree. To resolve the transfer inquiry, the court only addresses whether Fox could have brought its claims against Dow Corning in the Southern District of New York.

**5.** The court looks to the time the action before it was filed in determining whether the claims might have been brought in the transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

fer jurisdiction. *Akro Corp. v. Luker,* 45 F.3d 1541, 1544–45 (Fed.Cir.1995). If so, the court must then consider whether the exercise of personal jurisdiction "would offend traditional notions of fair play and substantial justice." *Id.* at 1545–46. Fox opposes transfer, alleging that "[t]he only apparent connection Dow Corning has with New York relative to this action is the location of Dow Coming's trial counsel." Fox Opp. to Mtn. To Dismiss, 8, ECF No. 25. Fox overlooked at least two relevant facts: Dow Corning is registered to do business in New York and Dow Corning was pursuing the S.D.N.Y. action at the time Fox filed this action.

█ Registration to do business in New York requires the registering party to designate an agent for service of process. N.Y.McKinney's Business Corporation law § 1304. The Supreme Court, in a case requiring it to analyze the predecessor to the New York Business Corporation Law, recognized that "designation of an agent for service of process [is] an effective consent to be sued in the federal courts," and that "consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case." *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 173–75, 60 S.Ct. 153, 84 L.Ed. 167 (1939) (citations omitted). In its New York registration, Dow Corning designated a New York entity as its registered agent. *See* Isackson Decl. Ex. 26, ECF No, 16–26. Although

the court might thereby find the constitutional issue met, *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) cast doubt on the viability of this basis for general jurisdiction.[6] Regardless, a Southern District of New York court could have exerted personal jurisdiction over Dow Corning without violating the Due Process Clause because Dow Corning submitted to personal jurisdiction in the S.D.N.Y. action.

Fox could have brought its claims against Dow Corning as counterclaims in the S.D.N.Y. action.[7] *See* Fed.R.Civ.P. 13 & 18; *A.J. Indus., Inc. v. United States District Court,* 503 F.2d 384, 386 (9.th Cir.1974).[8] Dow Coming's voluntary action of initiating litigation in the proposed transferee forum, seeking a determination of an issue arising out of the same transaction or occurrence as the subject matter of this action, constitutes consent to personal jurisdiction on any counterclaims Fox may bring in the S.D.N.Y. action. *See, e.g., Viron Intern. Corp. v. David Boland, Inc.,* 237 F.Supp.2d 812, 818–19 (W.D.Mich. 2002); *Grupke v. Linda Lori Sportswear, Inc.,* 174 F.R.D. 15, 18 (E.D.N.Y.1997) ("[I]f plaintiffs could successfully assert lack of personal jurisdiction as a defense to the counterclaim, defendants, while still required to defend in the original action, would have to forfeit their claims arising from the same transaction."). The court is satisfied that Dow Coming's consent comports with the requirements of the Due

---

6. As this court recognized in *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.,* 83 F.Supp.2d 689, 692–94 (E.D.Va.2000), neither the Supreme Court nor the Federal Circuit has addressed whether registration is sufficient to confer general personal jurisdiction after *International Shoe.*

7. Fox filed a pending motion to dismiss for lack of personal jurisdiction in the S.D.N.Y. action. The court expresses no opinion on the merits of that motion. The court is only

concerned with the New York court's ability to exert personal jurisdiction over the plaintiff in that action, Dow Corning.

8. Both actions concern the same two patents and whether Dow Corning can be held liable for infringing upon them. Fox does not dispute that fact in its Response. Moreover, Fox acknowledges that fact by virtue of its motion to transfer the S.D.N.Y. action to this court for consolidation with this action.

Process Clause of the Fifth Amendment. *See Ins. Corp. Of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703–04, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

As personal jurisdiction exists, the Southern District of New York would be a "judicial district where the defendant" resides for purposes of 28 U.S.C. § 1400(b) so that venue could have been properly laid there at the inception of this lawsuit and may now be transferred there pursuant to 28 U.S.C. § 1404(a), if convenience and justice so dictate.

**B.   Transfer to the Southern District of New York Is Warranted.**

■■■ Having determined that the Southern District of New York is a proper venue for this action, the court must next decide whether to exercise its discretion to transfer this action there. In making this determination, the court normally considers the following factors: (1) the plaintiff's choice of venue; (2) the convenience of the parties and witnesses; and (3) the interest of justice. *See, e.g., Agilent Techs., Inc. v. Micromuse, Inc.,* 316 F.Supp.2d 322, 326 (E.D.Va.2004). Although the decision whether to grant a motion to transfer venue is within the sound discretion of the district court, *see Beam Laser Sys., Inc. v. Cox Commc'ns, Inc.,* 117 F.Supp.2d 515, 517 (E.D.Va.2000), there is a strong presumption that a case should stay in the plaintiff's chosen forum. *See, e.g., Samsung Elec. Co. Ltd. v. Rambus, Inc.,* 386 F.Supp.2d 708, 724 (E.D.Va.2005). However, when two identical actions are pending at the same time in two federal courts, the first-filed action is generally preferred,

"even if it is a request for a declaratory judgment." *Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.,* 249 F.Supp.2d 12, 15 (D.Mass.2002) (citations omitted). "The policy underlying the first-to-file rule is the avoidance of duplicative litigation and the conservation of judicial resources." *Samsung,* 386 F.Supp.2d at 724. Exceptions to the rule occur "when justice or expediency requires," but "there must, however, be sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech, Inc. v. Eli Lilly and Co.,* 998 F.2d 931, 937–38 (Fed.Cir.1993) abrogated on other grounds by *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).[9]

■■■ The court finds no reason to depart from the first-filed rule. Fox commenced this action two months after Dow brought the S.D.N.Y. action. Both actions seek to determine the same ultimate issue. *See Byerson v. Equifax Info. Serv.,* 467 F.Supp.2d 627, 635–36 (E.D.Va.2006). It would be eminently unjust and inefficient to delay this matter further: Dow has not been able to move forward in the S.D.N.Y. action and Cree has not been able to move forward with its defense and counterclaim in this court. While both federal actions involve the same patents, the infringement issues are different and specific to two different entities, Dow Corning and Cree. Finally, there is no indication of inequitable conduct, forum shopping, or bad faith by Dow Corning.[10] Accordingly, the court finds it proper to transfer Fox's action against Dow Corning to the United States District Court for the Southern District of New York, where Dow Corning first-filed its action against Fox.

9.  Such reasons include inequitable conduct, forum shopping, or bad faith. *See, e.g., Old Republic Nat. Title Ins. Co. v. Transcontinental Title Co.,* No. 1:07–cv–525, 2007 WL 2915171, at *2 (E.D.Va. Oct. 4, 2007).

10.  Any forum shopping would be by Fox in filing the suit here two months after the S.D.N.Y. action was filed.

### III. Conclusion

For the reasons set forth above, Dow Coming's motion to transfer venue is **GRANTED,** and the pending action by Fox against Dow Corning is **TRANS-FERRED** to the Southern District of New York for all further proceedings. The matter will go forward in this court against Cree. The Clerk shall take the necessary steps to effect the transfer of the action against Dow Corning and to set the necessary scheduling conferences to move the case forward between Fox and Cree in this court.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for all parties and to the Clerk of the Southern District of New York.

**IT IS SO ORDERED.**