NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUSAN L. GELB,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2023-1157

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-21-0267-W-1.

---

Decided: May 17, 2023

---

SUSAN L. GELB, Alameda, CA, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

---

Before LOURIE, DYK, and STOLL, *Circuit Judges.*

PER CURIAM.

Susan L. Gelb appeals the final decision of the Merit Systems Protection Board denying her request for corrective action under the Whistleblower Protection Act (WPA). Specifically, Ms. Gelb challenges the Administrative Judge's decision finding that Ms. Gelb had not established good cause for her absence at the scheduled hearing and thus waived her right to a hearing. We hold that the administrative judge (AJ) abused his discretion in denying Ms. Gelb a hearing because, although she was absent, her representative was present at the hearing. However, because Ms. Gelb has not met her burden of showing harmful error, we affirm the Board's final decision.

## BACKGROUND

Ms. Gelb filed a complaint with the Office of Special Counsel (OSC), alleging retaliation under the WPA. After the OSC closed its investigation, Ms. Gelb appealed to the Board seeking corrective action. An AJ determined that Ms. Gelb had exhausted her claims and made nonfrivolous allegations of Board jurisdiction such that the appeal could proceed.

Subsequently, on April 22, 2021, the AJ held a telephonic status conference. He indicated that a hearing would take place using the Zoom for Government (ZfG) videoconferencing platform. Ms. Gelb's representative "expressed concern[s] regarding the appellant's ability to access the necessary electronic equipment and internet connection to participate using ZfG." SAppx. 52.[1] Her representative asked whether an in-person appearance was possible, and the AJ explained that then-current COVID-19 protocols precluded such appearances. The AJ ordered the "appellant . . . to determine whether she is able to

---

[1]    Citations to "SAppx." refer to the appendix attached to the appellee's brief.

successfully utilize the ZfG platform with equipment currently available to her." *Id.* If Ms. Gelb was unable to utilize the ZfG platform, the AJ ordered that "she must notify the Board in writing by **May 14, 2021**, and set forth the specific reasons she [was] unable to use ZfG and any efforts she has made to overcome those issues." *Id.* (emphasis in original). The AJ then issued an order setting a hearing for June 21, 2021 and stating that "[i]f the appellant fails to appear without good cause, the appeal will be decided without a hearing." SAppx. 55.

Ms. Gelb did not make a submission to the Board by the May 14, 2021 deadline. Instead, she asked—*after* the deadline, on four separate occasions—that the AJ allow her to appear via audio-only or in-person. *See* SAppx. 59 (May 24, 2021); ECF No. 9 at 49–52[2] (June 7, 2021); SAppx. 69, 72 (June 17, 2021); ECF No. 9 at 74–79 (June 19, 2021). Ms. Gelb explained that "she does not have the necessary personal hardware/equipment and wherewithal (to include a stable internet connection) to facilitate a videoconference." ECF No. 9 at 76; *see also id.* at 51–52.

The AJ repeatedly denied Ms. Gelb's requests. *See* SAppx. 59–60 (June 1, 2021); SAppx. 66–67 (June 8, 2021); SAppx. 69, 72 (June 17, 2021). He explained that appellant had failed to make the requested submission by the May 14, 2021 deadline and thus found that "appellant has not shown good cause to participate in the hearing in person or by audio only." SAppx. 60.

The AJ continued to order "appellant to appear by video" and warned that failure to do so may result in sanctions under 5 C.F.R. § 1201.43. *Id.* Under 5 C.F.R. § 1201.43(a), a judge may sanction a party for failure to

---

[2]    Citations to "ECF No. 9" refer to the PDF page numbers on the appellant's brief and attached appendix.

comply with an order. Under subsection (e), a judge may cancel a scheduled hearing "for contumacious conduct or conduct prejudicial to the administration of justice." Here, the AJ specified in his order that "an appropriate sanction for the appellant's failure to appear by video would be to bar her from testifying." SAppx. 72.

The morning of June 21, 2021—the day of the hearing—the AJ told Ms. Gelb's representative that Ms. Gelb may use audio-only means to join the hearing. *Hearing Audio Recording* at 6:45–7:02 ("Now the administrative judge tells us [to] just have [Ms. Gelb] call in, when she's already been advised she can't do that. . . . That could have and should have actually been articulated by the administrative judge way before now."). In other words, the AJ finally permitted Ms. Gelb to appear in the manner she had repeatedly requested.

Ms. Gelb did not appear at the hearing through video or audio. She had made other plans for the day; specifically, Ms. Gelb's representative noted that, believing she would be unable to attend the hearing, Ms. Gelb decided not to take the day off work. *Hearing Audio Recording* at 6:00–6:49. Importantly, Ms. Gelb's representative said:

> I just want the record to just be really clear too that we are not waiving our right to a hearing and asking for a decision on the written record whatsoever in any way, shape, or form. The appellant is prepared to move forward today . . . [and] we just wanted to be real clear that we are prepared to move forward. She has a right to a hearing. . . . She does not waive her right to a hearing, and she is not asking for a decision on the written record at all and is prepared today to move forward without her.

*Hearing Audio Recording* at 16:09–17:01. Ms. Gelb's representative also asked that the hearing be rescheduled. SAppx. 42 n.2; *Hearing Audio Recording* at 13:40–14:48. The AJ decided that Ms. Gelb failed to show good cause for

her absence, canceled the hearing, and notified parties that the record would close on July 6, 2021. *See Hearing Audio Recording* at 18:48–18:53 ("We will not be proceeding with the hearing absent the appellant's presence.").

On July 5, 2021, Ms. Gelb, through her representative, filed an Initial Response to AJ Close of Record. She argued that the AJ arbitrarily and capriciously canceled her hearing because she was present at the hearing through her representative. Separately, she stated that "there is not a genuine dispute as to any material fact in appellant's reported disclosure(s) and contributing factor knowledge/timing test under WPA law." ECF No. 9 at 85. Also, the response stated that since appellant was "denied her requested hearing, [her] representative will further elaborate on some evidence of current record, which would have only, essentially, required oral argument at [the] hearing, and [about] which appellant may not have called any witnesses." ECF No. 9 at 87. Yet, Ms. Gelb also argued that by cancelling the hearing, she "was improperly denied the ability to have [her former supervisor]'s credibility assessed by the AJ at [the] hearing, [which] was harmful error." ECF No. 9 at 92 n.10.

On September 24, 2021, the AJ issued his Initial Decision denying Ms. Gelb's request for relief. *Gelb v. Dep't of Veterans Affs.*, No. SF-1221-21-0267-W-1, 2021 WL 4439338 (M.S.P.B. Sept. 24, 2021) (*Initial Decision*), *aff'd*, 2022 WL 4241205, at *1 (M.S.P.B. Sept. 14, 2022) (*Final Decision*). The AJ stated that "appellant's representative failed to show good cause for the appellant's nonappearance." *Initial Decision*, 2021 WL 4439338. He addressed Ms. Gelb's arguments in her close of record submission as "unavailing and decline[d] to reconsider [his] prior rulings." *Id.* n.3. Also, he noted that "appellant states in her closing submission that the record is complete, that a hearing would have only required oral argument, and that she submits no new evidence or argument with her close of record submission." *Id.*

Ms. Gelb appealed. She argued that she had not waived her right to a hearing because, in part, nothing in the statute or law requires an appellant to personally attend a hearing if represented. She also explained that she required a hearing, among other reasons, for the "opportunity to develop testimonial evidence and record oral argument, at the very least, of . . . conflicting material facts of her protected disclosures to agency official(s)," including to her supervisor. ECF No. 9 at 14–15.

The Board denied Ms. Gelb's petition for review and affirmed the initial decision. *Final Decision*, 2022 WL 4241205, at *1. The panel explained that Ms. Gelb was not improperly deprived of her right to a hearing because an appellant may forfeit such right by inexcusably failing to attend. *Id.* (citing *Callahan v. Dep't of the Navy*, 748 F.2d 1556, 1559 (Fed. Cir. 1984)). As for representation, the Board explained that *Sparks v. United States Postal Service*, 32 M.S.P.R. 422, 425 (1987), a case in which an appellant's attorney proceeded without the client, was distinguishable because Ms. Gelb's representative asked to reschedule the hearing. *Id.* at *2 n.2. Also, the Board reasoned that the AJ gave specific instructions for the appellant herself to appear by video and advised that failure to do so could result in sanctions under 5 C.F.R. § 1201.[43][3], which "may include cancellation of a hearing." *Id.*

In the alternative, the Board decided that even if the AJ erred in canceling the hearing, that is of "no legal consequence unless it is shown to have adversely affected a party's substantive rights." *Id.* at *2 (citing *Karapinka v. Dep't of Energy*, 6 M.S.P.R. 124, 127 (1981)). The Board explained that "appellant explicitly conceded that no

---

[3] Although the Board cites to § 1201.54, we believe the Board meant to cite to § 1201.43. *See, e.g.*, SAppx. 60 (the AJ referencing § 1201.43); *Final Decision*, 2022 WL 4241205, at *2, ¶ 4 (citing to § 1201.43).

material facts were in dispute and that she would have presented only oral argument had the hearing taken place. Hence, the appellant has not shown that the cancellation of the hearing affected her substantive rights." *Id.* (citing ECF No. 9 at 87).

Ms. Gelb appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may only set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulations having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the failure to provide a hearing for an abuse of discretion. *Spezzaferro v. F.A.A.*, 807 F.2d 169, 174 (Fed. Cir. 1986).

On appeal, Ms. Gelb argues that the AJ arbitrarily denied her statutory right to a hearing, representation, and a hearing transcript. *See* Appellant's Br. 7–9. She argues that the AJ's actions violated her due process rights. *See id.* at 9.

We begin by addressing the issue of the right to a hearing, which in this case relates to the right to representation. In essence, Ms. Gelb argues that because her representative was present at the hearing, the representative should have been able to stand in her stead. Appellant's Br. 6; Reply Br. 5–6. We agree.

Under 5 U.S.C. § 7701(a), an appellant has the right to a hearing and the right to be represented. An appellant can forfeit these rights. For example, in *Callahan v. Department of Navy*, 748 F.2d 1556, 1556 (Fed. Cir. 1984), we held that "when an employee is absent from a Board hearing without justification, the proper procedure is for the Board to consider the case on the agency's investigatory record alone." But there, the employee was unrepresented.

*See id.* at 1556 n.1.  In other words, the appellant indisputably failed to appear.  That is not the case here.

Instead, this case is like *Atilano v. McDonough*, 12 F.4th 1375 (Fed. Cir. 2021), where the appellant was present at a hearing before the Board of Veterans' Appeals through his representative.  In *Atilano*, the applicable statutory provision stated that an "appellant" is afforded "an opportunity for a hearing."  *Id.* at 1380 (quoting 38 U.S.C. § 7107(b)).  Mr. Atilano failed to attend his hearing due to severe disabilities.  *Id.* at 1377.  His representative was present, but the Veterans Law Judge refused to hear expert testimony because of Mr. Atilano's absence.  *Id.*  We reversed and held that the statute did not require the veteran to be present at the hearing when represented.  *Id.* at 1381–82.  Relevant here, we explained that while the opportunity for a hearing is "afforded to the appellant," nothing in the statutory language requires the appellant's presence when he is represented.  *Id.* at 1380.  Simply put, *Atilano* recognized that "appellant"—as understood in the relevant statute—could mean the appellant's representative.  While we recognize that *Atilano* involves a different statute, we find its analysis instructive.

Title 5 U.S.C. § 7701 similarly states that an "appellant shall have the right . . . to a hearing."  Although this is an opportunity afforded to the "employee," nothing in the statute requires an appellant's presence when she is represented.  As in *Atilano*, we understand "appellant" in this context to include an appellant's representative, rather than constraining it to mean solely the employee herself, regardless of representation.

MSPB caselaw supports such a reading.  For example, in *Sparks*, the appellant's representative was present at the hearing and the employee was not.  32 M.S.P.R. at 424.  The AJ in *Sparks* informed the appellant's representative that he could proceed with the hearing or request that a decision be made on the written record; the appellant's

representative chose to proceed with the hearing. *Id.* After the AJ's initial decision, the employee petitioned for review, arguing that "the initial decision was unjust because he was hospitalized at the time of the hearing and could not be present." *Id.* The Board disagreed, explaining that it is "well-established . . . that generally an appellant is responsible for the actions, or inactions, of his designated representative." *Id.* at 425 (quotation omitted). The record there showed that the representative "was authorized to act as the appellant's representative and that [the representative], therefore, had the legal authority to act in the appellant's behalf." *Id.*

So too here. At the June 21, 2021, hearing, Ms. Gelb's representative explained that the "appellant is prepared to move forward today," without Ms. Gelb's presence. *Hearing Audio Recording* at 16:09–16:33. The representative was authorized to act on her behalf. *See* ECF No. 9 at 83. Thus, the "appellant" was present at the hearing through the presence of her representative. The Board's rationale for concluding otherwise is unavailing.[4]

First, the Board tried to distinguish *Sparks* because here, "the appellant's representative requested that the hearing be rescheduled." *See Final Decision*, 2022 WL 4241205, at *2 n.2. We are unpersuaded. The Board's analysis is difficult to reconcile with the facts. An audio recording of the hearing shows that Ms. Gelb's representative repeatedly said that appellant was ready to proceed

---

[4] The Government incorrectly contends that Ms. Gelb waived the issue of her right to representation by not raising it before the Board. Appellee's Br. 18. But Ms. Gelb did raise the issue. *See* ECF No. 9 at 82–87 (raising the issue before the AJ); ECF No. 9 at 14–17 (raising the issue before the Board); *see also Final Decision*, 2022 WL 4241205, at *2 n.2 (addressing Ms. Gelb's argument).

with the hearing.  *Hearing Audio Recording* at 16:09–16:33.  That is what happened in *Sparks*.  That Ms. Gelb's representative was flexible and willing to alternatively re-schedule the hearing should not vitiate Ms. Gelb's right to a hearing and to representation.

Second, the Board argued that the AJ "had explicitly ordered appellant herself to appear by video and advised her that failure to comply with the order could result in sanctions under 5 C.F.R. § 1201.[43] (which may include cancellation of a hearing)."  *Final Decision*, 2022 WL 4241205, at *2 n.2.

Under 5 C.F.R. § 1201.43, a "judge may impose sanctions upon the parties as necessary to serve the ends of justice."  For example, under subsection (a), a judge may impose sanctions on a party who fails to comply with an order.  And under subsection (e), a judge "may cancel a scheduled hearing . . . for contumacious conduct or conduct prejudicial to the administration of justice."  *See Jones v. Dep't of Health & Hum. Servs.*, 703 F. App'x 977, 981 (Fed. Cir. 2017) (non-precedential) (affirming the Board's determination that appellant's "rude and disrespectful conduct which regularly escalate[d] from advocacy to contumaciousness" warranted cancellation of a hearing).  We have also recognized that a "right to a hearing should not be denied as a sanction absent extraordinary circumstances." *See Habtemariam v. Off. of Pers. Mgmt.*, 180 F. App'x. 968, 970–71 (Fed. Cir. 2006) (non-precedential) (citing various MSPB cases showing that a single failure to comply with an order, or the failure to participate in two teleconferences, does not warrant the extreme sanction of a denial of a hearing).

There are no extraordinary circumstances warranting a denial of a hearing here.  Ms. Gelb missed one deadline before the hearing.  And while the AJ specified that Ms. Gelb could face sanctions—specifically, that she would be unable to testify if she did not appear via ZfG

videoconference—we decline to reach the conclusion that the AJ's orders were directed to "Ms. Gelb" as opposed to "appellant." Said otherwise, we do not read the AJ's order—that "[i]f the appellant fails to appear without good cause, the appeal will be decided without a hearing," SAppx. 55—as describing a narrower interpretation of "appellant" that would exclude an appellant's representative. Here, Ms. Gelb complied with the order to appear at the hearing because her representative was present. To find that her behavior rose to the level of "contumacious conduct or conduct prejudicial to the administration of justice" is an abuse of discretion. Similarly, a finding that justice is served by forbidding Ms. Gelb's representative from representing Ms. Gelb at a hearing is an abuse of discretion.

In sum, we hold that the Board abused its discretion in denying Ms. Gelb a hearing. An appellant's representative can attend a hearing on an appellant's behalf.[5]

Our analysis does not end here. We must decide whether the AJ's denial of Ms. Gelb's hearing was a due process violation—as Ms. Gelb argues, thus requiring an automatic remand—or a procedural error—as the Board's analysis indicates, requiring a harmless error analysis. *See Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1280–81 (Fed. Cir. 2011) (explaining how procedural due process violations require constitutionally correct removal procedures, whereas procedural errors require a harmless error analysis for deciding whether to reverse a decision).

---

[5] We do not address the issue of whether Ms. Gelb's representative should have faced sanctions for attending the hearing using audio instead of videoconferencing. *See Hearing Audio Recording* at 0:45–0:50; ECF No. 9 at 17. This issue was not raised, and it was not the expressed reason for cancelling the hearing.

Due process requires notice and an opportunity to respond. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). The Supreme Court has explained that the "opportunity to present reasons, either in person or in writing, [for] why proposed action should not be taken is a fundamental due process requirement." *Id.* Under 5 C.F.R. § 1201.43(e), if a judge cancels a hearing, "the judge must set a reasonable time during which the record will be kept open for receipt of written submissions." The AJ here set a reasonable time during which the record would remain open, and Ms. Gelb provided a written submission. In other words, there was notice and an opportunity to respond. The AJ's denial of Ms. Gelb's hearing is therefore a procedural error, not a due process violation.

Consequently, we apply the rule of harmless error. *See* 28 U.S.C. § 2111. The party appealing an administrative decision bears the burden of establishing harmful error. *See Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009). The focus is whether the agency is likely to have reached a different conclusion in the absence of the procedural error. *Ward*, 634 F.3d at 1282; *see* 5 C.F.R. § 1201.56(c)(1). Said otherwise, we must decide whether Ms. Gelb has established that the outcome of her case would likely have been different if the AJ had conducted the hearing. We hold that she has not met her burden.

On appeal, Ms. Gelb argues that she was provided "NO opportunity, by hearing, to assess credibility of any witness(es)." Appellant's Br. 8. She expands in her reply brief that her representative "could have and would have proven all of the material facts presented in [her] Board Prehearing Submission." Reply Br. 2–3. Additionally, she argues that the government "does not dispute or refute the factual circumstances of [the] court record . . . that it was my [Veterans Affairs] supervisor (Spangler) that prepared my resignation form letter, and I signed under duress, all of which *could have and would have been proven at [the] hearing by*

*my representative who appeared on my behalf.*"  Reply Br. 7 (emphasis added).  We address each argument in turn.

First, Ms. Gelb has not explained how any specific witness testimony could have affected the outcome of her case. *See Handy v. U.S. Postal Serv.*, 754 F.2d 335, 338 (Fed. Cir. 1985) ("Having failed to show that in some way an oral reply would have possibly affected the agency's decision, petitioner is not entitled to prevail."); *Diaz v. Dep't of Air Force*, 63 F.3d 1107, 1109 (Fed. Cir. 1995) (no harmful error where petitioner "did not argue or submit any evidence that showed that the agency's procedural violation affected the outcome of the agency's decision or was in any way harmful").  Also, Ms. Gelb previously stated that "appellant may not have called any witnesses" at the hearing.  ECF No. 9 at 87.

Second, and similarly, Ms. Gelb has not met her burden of explaining how proving "all of the material facts" would likely affect the outcome of her case.  *See Handy*, 754 F.2d at 338; *Diaz*, 63 F.3d at 1109.  Specifically, Ms. Gelb has not identified which "material facts" would likely have changed the outcome of her case and how a hearing would have brought these facts in.

Third, whether Ms. Gelb signed a resignation form letter under duress goes to the issue of whether her resignation was involuntary and thus constituted an adverse action. *Initial Decision*, 2021 WL 4439338.  The Board examines involuntary action using an objective test considering the totality of circumstances.  *Id.*  In the Initial Response to the AJ's order setting a date on which the record would be closed, Ms. Gelb explained that her belief that she had no choice but to resign or to be fired could be observed from her "exit interview e-mail of record . . . in which Spangler [her then-supervisor] went on to describe resignation circumstances that reasonably could be interpreted by the fact-finder as under duress (*i.e.*, Gelb was crying and saying it was Spangler's fault, etc., etc.)."  ECF

No. 9 at 93. The AJ relied on the evidence of record (which included the "exit interview e-mail of record") and Ms. Gelb's deposition testimony and was unable to find that Ms. Gelb's resignation stemmed from improper agency acts or that she had no realistic alternative but to resign. *Id.*

In sum, Ms. Gelb has not identified arguments, evidence, or witnesses that would have been presented at the hearing *and* would likely have altered the outcome of her case. We thus find that Ms. Gelb has not carried her burden of showing harmful error. As a result, the AJ's abuse of discretion is not a reversible procedural error.

Lastly, we turn to Ms. Gelb's argument that she was improperly denied an opportunity to access the hearing's transcript and audio file. Appellant's Br. 3 n.3, 6, 8–9. Ms. Gelb did not raise these arguments before the Board. Indeed, Ms. Gelb's representative cited the hearing audio file in the appeal to the Board. ECF No. 9 at 14. "A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court." *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998). Because Ms. Gelb has not previously raised this issue, she has therefore waived it on appeal.

We have considered Ms. Gelb's remaining arguments and find them unpersuasive.[6]

---

[6]    For example, Ms. Gelb stated that "MSPB Factual Findings Were Incorrect," but failed to specify which factual findings by the Board were erroneous. Appellant's Br. 4–8. Similarly, she raised an issue about the "proper relief and burdens of proof standard," without explaining the allegedly erroneous relief or burden of proof used by the AJ or the Board. *See* Appellant's Br. 9. For this court to reach the merits of an issue, the issue must be adequately

CONCLUSION

For the above reasons, we affirm the Board's final decision denying Ms. Gelb's request for corrective action under the WPA.

**AFFIRMED**

COSTS

No costs.

---

developed. *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1341 (Fed. Cir. 2006). Undeveloped arguments are waived. *Id.* And while "pro se filings must be read liberally," *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013), such filings must still be clear enough to enable effective review, *Groves v. Shinseki*, 541 F. App'x 981, 985 (Fed. Cir. 2013) (nonprecedential). Ms. Gelb's arguments about factual errors and proper relief and burdens of proof are insufficiently developed for our review and therefore waived.

To the extent Ms. Gelb sought to incorporate arguments solely by reference to the appendix, those arguments are also waived. *See Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998) ("Under the Federal Rules of Appellate Procedure, arguments may not be properly raised by incorporating them by reference from the appendix rather than discussing them in the brief."); *Monsanto*, 459 F.3d at 1335 (explaining that such arguments are waived).